IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEREMY BARNHILL, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | DAMAGES AND DEMAND |
| BOSSELMAN PUMP AND PANTRY, INC. , | ) | FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |

**COMES NOW** Jeremy Barnhill, Plaintiff, by and through his attorney, Elaine A. Waggoner, and for his causes of action against the above-named Defendant alleges and states as follows:

**JURISDICTION AND VENUE**

1. The unlawful practices complained of herein were committed within the Federal District of Nebraska and the State of Nebraska.

2. Plaintiff brings this action under 42 U.S.C. §2000e, et. seq., also known as Title VII of the Civil Rights Act of 1964, as amended.

3. Title VII of the Civil Rights Act of 1964, as Amended, providing for State and Federal protection against disparity of treatment on the basis of gender.

4. The jurisdiction of the Federal District Court is invoked with respect to Plaintiff's claims under **42 U.S.C. § 2000e, et. seq. Plaintiff's deprivation of rights and 1988 recovery of attorney's fees**; under the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution; and because the entire action before the Court comprises one case and the claims arise out of the same operative facts, and are such that Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PARTIES

5. Plaintiff is/was a resident of Seward County, Nebraska at all times pertinent to this action.

6. Plaintiff was, at all times pertinent to this action, an employee of Bosselman Pump and Pantry, Inc., as an Assistant Manager.

7. Plaintiff, at all times pertinent to this action, was and is a white male.

8. Defendant, Bosselman Pump and Pantry, Inc. is a corporation doing business in the State of Nebraska and also in other states and is engaged in interstate commerce.

## FACTS

9. Plaintiff began his employment with the Bosselman Pump and Pantry, Inc., on June 8, 2017.

10. From June 8, 2017 to October 23, 2017, Plaintiff was treated differently by Plaintiff's District Manager, Sami Pischna, than a female manager employed at the same location in scheduling, days off, and overtime.

11. Plaintiff's last scheduled day of work was October 23, 2017, and on October 25, 2017, Plaintiff took off work which had been approved by Plaintiff's Direct Supervisor for treatment of a medical condition.

12. Plaintiff had notified Defendant that he had planned to return to work on October 28, 2017. While Plaintiff was off work, he became injured and disabled. At that time, Plaintiff notified his General Manager that he needed time off work to attend to his disability.

13. On November 7, 2017, Plaintiff's General Manager called him and advised he was instructed to terminate Plaintiff.

14. It was at this time that Defendant backdated Plaintiff's termination date to the last day

Plaintiff worked, October 23, 2017, which was prior to Plaintiff's approved leave and hospitalization. As a result, Plaintiff lost his insurance coverage and all medicals were not covered by insurance.

15. At all times, Plaintiff's job performance was above satisfactory.

17. Plaintiff filed charges of discrimination based on retaliation by utilizing his health insurance provided through his employer. Said charges were filed with the United States Equal Employment Opportunity Commission and the Nebraska Equal Opportunity Commission on or about May 8, 2019. A true and correct copy of said document is attached hereto, and incorporated herein, by refence as Exhibit A.

18. On or about Mach 9, 2020, Plaintiff received a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission. A true and correct copy of said document is attached hereto, and incorporated herein, by reference as Exhibit B.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 2000e, et. seq.

### Title VII of the Civil Rights Act of 1964, as amended

Plaintiff incorporates all allegations contained in Paragraphs 1 through 18 herein as though fully set forth.

19. Plaintiff was subjected to disparity of treatment in that similarly situated female employees were given more favorable schedules for work and were allowed to perform fewer duties while on the job than Plaintiff;

20. Plaintiff raised the disparity of treatment with his supervisor who brought the subject up with the District Manager. Plaintiff's supervisor particularly noted the less favorable work

schedule of Plaintiff compared to female workers and was told that the females were single custodial parents. Plaintiff's supervisor pointed out to the District Manager that Plaintiff was also a single custodial parent.

21. As a result of the discriminatory treatment conducted by Defendant Bosselman Pump and Pantry, Inc., Plaintiff suffered lost income, lost career opportunities, and a diminution of his reputation. In addition, Plaintiff suffered pain, loss of enjoyment of life, and continues to do so.

22. District Manager Sami Pinscha granted female employees more favorable treatment than male employees, and as a result, she engaged in harassment by interfering with Plaintiff's leave time. As a result, Plaintiff was damaged by lack of insurance causing uninsured medical bills.

WHEREFORE, Plaintiff prays for judgment against Defendant Bosselman Pump and Pantry, Inc., for front pay, back pay, lost benefits, compensatory damages as allowed by law, and Attorney's fees under 42 U.S.C. § 1988.

### FINAL PRAYER

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and that the Court make a determination of:

- a. Lost earnings to date in the amount to be determined by the trier of fact;
- b. Lost benefits to date in the amount to be determined by the trier of fact;
- c. Compensatory and punitive damages for pain, suffering, loss of enjoyment of life in an amount to be determined by the trier of fact; and
- d. Attorney's fees and costs;

### DEMAND FOR JURY TRIAL AND TRIAL LOCATION

Plaintiff demands a trial by jury of all claims asserted in this Complaint and that the trial be conducted in Omaha, Nebraska.

DATED this ___ day of June, 2020.

                                JEREMY BARNHILL, Plaintiff

                    By:    /s/ Elaine A, Waggoner #15781
                           Elaine A. Waggoner   #15781
                           WAGGONER LAW OFFICE
                           715 So. 14th Street
                           Lincoln, NE 68508
                           (402) 475-3597
                           Attorney for Plaintiff